# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| KEVIN M.,<br><br>   Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>   Defendant. | Case No. ED CV 20-01003-DFM<br><br>MEMORANDUM OPINION AND ORDER |

## I.   INTRODUCTION

In 2016, Kevin M. ("Plaintiff") applied for Supplemental Security Income, alleging disability beginning January 1, 2008. See Dkt. 16, Administrative Record ("AR") 172-82.[1] After the claim was denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). See AR 29-45, 104-08, 112-16.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Additionally, all citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

The ALJ denied Plaintiff's claim by written decision on June 26, 2019. See AR 15-24. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. See AR 17. At step two, the ALJ determined that Plaintiff had the severe impairments of "bipolar disorder, depression, anxiety, and lumbar degenerative disc disease." Id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 18-19.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with various limitations, including only occasional interaction with coworkers and no interaction with the general public. See AR 19-22. At step four, the ALJ found that Plaintiff had no past relevant work. See AR 22. At step five, the ALJ relied on the testimony of a vocational expert to conclude that someone with Plaintiff's RFC could perform jobs that exist in the national economy, including hand packager (DOT 920.587-018), linen room attendant (DOT 361.687-018), and laborer, stores (DOT 922.687-058). See AR 23. Accordingly, the ALJ denied benefits. See AR 23-24.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II.   LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ's decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a

mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 1157 (2019). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III.   DISCUSSION

The parties dispute whether the ALJ erred in discounting Plaintiff's subjective symptom testimony. See Dkt. 19, Joint Stipulation ("JS") at 3.

Plaintiff is a thirty-nine (39) year old man who suffers from auditory and visual hallucinations as well as paranoid thoughts. He also suffers from back pain. At the hearing, Plaintiff testified that he left three jobs due to anxiety and panic attacks. See AR 35. Due primarily to his depression, Plaintiff spends most of his day at home and relies on his wife to tell him when to shave, brush his teeth, and shower. See AR 35-37. Plaintiff hears voices, which tell him that bad things are going to happen to him and his family. See AR 38-39. He takes psychotropic medication, which somewhat helps his symptoms. See id.

The ALJ applies a two-step analysis to assess a claimant's credibility for symptom severity. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). Once the claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. Notably, this standard is "the most demanding required in Social Security cases." Id.

Here, the ALJ erred in discounting Plaintiff's testimony regarding his mental impairments. The ALJ found that Plaintiff's symptoms were "stable and [did] not preclude him from performing any work activities with treatment." AR 21. The ALJ noted that although Plaintiff presented with symptoms in 2015, by October 2016, he "only exhibited anxious mood and affect, but was otherwise cooperative, was oriented, had normal psychomotor activities, normal thoughts processes, fair attention and concentration, fair memory, and fair insight and judgment." Id. Additionally, recent treatment notes from 2019 showed "relatively stable psychological symptoms with psychotropic medication" and "normal thought process." Id.

The record does show some improvement, especially once Plaintiff was prescribed with psychotropic medication. See, e.g., AR 290 (noting in January 2018 that the severity of Plaintiff's symptoms and behaviors had decreased). But reports of "improvement" in the context of mental health issues must be interpreted with "[c]aution," with "an understanding of the patient's overall well-being and the nature of her symptoms" as well as "an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in the workplace." Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014)

That sort of caution is appropriate here. Rather than "chart a course of improvement," the ALJ "improperly singled out a few periods of temporary well-being from a sustained period of impairment and relied on those instances" to discredit Plaintiff. Id. at 1018.[2] The medical record does not

---

[2] Like the ALJ, the Commissioner points to Plaintiff's most recent treatment notes from March 2019 as evidence that Plaintiff's symptoms are stable. See JS at 17-18. The Commissioner also argues that Plaintiff's daily activities were inconsistent with his allegations of a disabling mental impairment. See JS at 19-20. The ALJ, however, did not make that finding.

reveal linear improvement, but rather a bumpy path, with symptoms that waxed and waned during treatment. For example, Plaintiff's treatment provider checked the box for "Thought Content: Paranoid Delusions" in September 2015, see AR 297; December 2015, see AR 294; March 2016, see AR 286; and October 2016, see AR 280. Likewise, the provider checked the box for "Affect & Mood: Labile" in September 2015, see AR 297; October 2015, see AR 296; May 2016, see AR 284; and August 2016, see AR 282. Recent treatment records are similar, with Plaintiff's provider checking the box for "Thought Content: Paranoid Delusions" in November 2017, see AR 366; January 2018, see AR 361; March 2018, see AR 359; and July 2018, see AR 356. In all, the record shows that some symptoms came and went, some persisted nearly the whole period, and other remained a constant source of impairment.

Indeed, Plaintiff's mental health issues were documented by the consultative psychiatric examiner, Dr. Reynaldo Abejuela, who examined Plaintiff in December 2016. In contrast to the ALJ's finding that Plaintiff was stable by October 2016, Dr. Abejuela found that Plaintiff was emotionally unstable, easily distracted, unable to focus, had poor eye contact, exhibited psychomotor retardation with slowness of movement, had slow and monotonous speech with a depressive tone, was slow to respond to questions, had decreased concentration and attention as well as impaired cognitive functioning, was depressed and anxious, apathetic, withdrawn, and had a restricted affect. See AR 300-11. Plaintiff also exhibited a perceptual disturbance with auditory and visual hallucinations, poor impulse control, and inadequate insight, struggled with serial threes and simple math, and had impaired short term and long term memory. See id. Notably, the ALJ gave "significant weight" to Dr. Abejuela's opinion. AR 22.

Accordingly, the Court finds that the ALJ erred in concluding that a few periods of improvement in Plaintiff's mental health symptoms undermined his testimony.

## IV.   REMAND IS WARRANTED

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the district court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion). A remand is appropriate where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Here, the Court finds that remand is the appropriate remedy to allow the ALJ to reconsider the opinion of Plaintiff's subjective symptom testimony. The ALJ may also conduct such other proceedings as are warranted.

## V.   CONCLUSION

The decision is the Social Security Commission is REVERSED and this case is REMANDED.

IT IS SO ORDERED.

Date:  March 30, 2021

DOUGLAS F. McCORMICK
United States Magistrate Judge